IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK04-83112 |
| | ) | A06-8105 |
| JOHN PATRICK RAYNOR, | ) | |
| | ) | CH. 7 |
| Debtor(s). | ) | |
| RICHARD D. MYERS, Trustee of the | ) | |
| John P. Raynor Chapter 7 Bankruptcy, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MAUREEN RAYNOR, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

     Hearing was held in Omaha, Nebraska, on December 21, 2006, regarding Filing No. 8, Motion to Dismiss Adversary Proceeding, filed by Maureen Raynor, and Filing No. 11, Resistance, filed by Richard D. Myers. Alan Pedersen appeared for Richard D. Myers and Elizabeth Callaghan appeared for Maureen Raynor. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(F), (H) and (O).

     On September 13, 2004, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. An order for relief was entered September 13, 2004. The Trustee was appointed on June 3, 2005, on the date the case was converted to Chapter 7. The Trustee filed this adversary proceeding against the defendant, the purpose of which was to avoid alleged preferential transfers in violation of § 547 of the Bankruptcy Code, to avoid certain other transfers pursuant to § 544 of the Code and the Nebraska Uniform Fraudulent Transfer Act, and to avoid unauthorized post-petition transfers. The complaint was filed on September 13, 2006.

     The defendant has filed a motion to dismiss the adversary proceeding as untimely, on the theory that the applicable two-year statute of limitation accrued on September 13, 2004, the day the alleged causes of action accrued, that is, the petition date. The defendant asserts that the statute of limitation, 11 U.S.C. § 546(a) ran on September 12, 2006. Since the adversary complaint was filed one day after that date, on September 13, 2006, the defendant suggests that this court lacks jurisdiction and a dismissal with prejudice is warranted.

     The statutory provision relied upon by the defendant is 11 U.S.C. § 546(a). It states:

     (a) An action or proceeding under section 544, 545, 547, 548, or 553 of this
title may not be commenced after the earlier of —
     (1) the later of —
          (A) 2 years after the entry of the order for relief; or
          (B) 1 year after the appointment or election of the first

>       trustee under section 702, 1104, 1163, 1202, or 1302 of this
>       title if such appointment or such election occurs before the
>       expiration of the period specified in subparagraph (A); or
> (2) the time the case is closed or dismissed.

The Trustee resists the motion to dismiss because it is his position that Federal Rule of Bankruptcy Procedure 9006(a) makes the complaint timely. Rule 9006(a), in relevent part, states:

> In computing any period of time prescribed or allowed by these rules or by the Federal Rules of Civil Procedure made applicable by these rules, by the local rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the clerk's office inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days.

Rule 9006(a) is basically the same as Federal Rule of Civil Procedure 6(a). If Rule 9006(a) is applicable to 11 U.S.C. § 546(a), the first date used for calculating the statutory time limit would be September 14, 2004, the day following the petition date. The last date included in the two year limitations period would be September 13, 2006, the anniversary date of the petition filing. Bankruptcy courts, generally, have determined that Rule 9006(a) governs the computation of time on a period of time to take action as prescribed by an applicable statute, such as 11 U.S.C. § 546. See Grella v. Zimmerman (In re Art & Co.), 179 B.R. 757, 762 (Bankr. D. Mass. 1995) (stating "the vast majority of courts has [sic] ruled that, in light of the language of Fed. R. Bankr. P. 9006(a), the date of the trustee's appointment should not be counted in computing the statute of limitations under section 546(a)"); Callahan v. Moore (In re Gen. Creations, Inc.), 343 B.R. 548 (Bankr. W.D. Va. 2006); S. Tech. Coll. v. Ark. Television Co. (In re S. Tech. Coll., Inc.), 172 B.R. 253 (Bankr. E.D. Ark. 1994); Boatman v. Furnia (In re Sutera), 157 B.R. 519 (Bankr. D. Conn. 1993); Amdura Corp. v. Faegre & Benson (In re Amdura Corp.), 142 B.R. 433 (Bankr. D. Col. 1992); Zimmerman v. Nat'l Elec. Benefit Fund (In re Kaelin Assoc. Elec. Constr., Inc.), 70 B.R. 412 (Bankr. E.D. Pa. 1987); Judson v. Int'l Terminal Operating Co. (In re Oro Import Co.), 69 B.R. 6 (S.D. Fla. 1986); Salomon v. Pan Am. World Airways, Inc. (In re Black & Geddes, Inc.), 35 B.R. 827 (Bankr. S.D.N.Y. 1983).

However, the Court of Appeals for the Sixth Circuit, when faced with the specific question presented in this case, held that the two year time period begins to run as of the date of the Trustee's appointment. It found that § 546(a) was "jurisdictional" and that Rule 9006(a) could not be used to extend the jurisdictional grant provided by the statute. The Circuit Court in Martin v. First Nat'l Bank of Louisville (In re Butcher), 829 F.2d 596 (6th Cir. 1987), followed its own earlier decision in Rust v. Quality Car Corral, Inc., 614 F.2d 1118 (6th Cir. 1980), which dealt with the application of Civil Rule 6(a). However, the refusal of the Court to apply Rule 9006(a) and Civil Rule 6(a) in Butcher and Rust was specifically overruled by the Sixth Circuit sitting *en banc* in Bartlik v. U.S. Department of Labor, 62 F.3d 163, 166 (6th Cir. 1995). In Bartlik, the Sixth Circuit determined that, contrary to its prior decisions, it now conceptualizes Civil Rule 6(a) as merely providing a method of computing time, and not as expanding or extending a statute of limitations.

The Sixth Circuit's reexamination of the applicability of Civil Rule 6(a) is significant because the Eighth Circuit Court of Appeals relied upon Rust v. Quality Car Corral, Inc., when it determined in Mattson v. U.S. West Communications, Inc., 967 F.2d 259 (8th Cir. 1992), that under the Fair Debt Collection Practices Act, for a court to have jurisdiction, the complaint must be filed on the day prior to the anniversary of the date of mailing, which, by analogy to this adversary proceeding, would be the day before the anniversary of the bankruptcy petition filing date. Mattson, itself, was somewhat inconsistent with a prior Eighth Circuit decision, McDuffee v. United States, 769 F.2d 492, 494 (8th Cir. 1985), which cited with approval other courts that had applied Civil Rule 6(a) to federal statutes of limitations. More recently, in Moore v. United States, 173 F.3d 1131 (8th Cir. 1999), the Eighth Circuit Court of Appeals, when interpreting the Anti-terrorism and Effective Death Penalty Act's (AEDP) one year time limit for filing motions to set aside or vacate sentences, determined that the AEDP is a statute of limitations, not a jurisdictional bar, and therefore a motion for post-conviction relief had to be filed no later than the anniversary date of the effective date of the statute, not one day prior to the anniversary date. The court stated:

> We declined to apply Rule 6(a) in Mattson because the statute of limitations in the FDCPA was jurisdictional, and Fed. R. Civ. P. 82 prevents the use of the Rules of Civil Procedure to extend the jurisdiction of district courts. Thus, before determining whether we should apply Rule 6(a) to the one-year time limit in § 2255, we must first determine whether that time limit is jurisdictional.

173 F.3d at 1134. The court determined that the time limit under that statute was not jurisdictional and did apply Rule 6(a) to begin the computation of time one day after the effective date of the enactment of the statute.

Analogously, it would appear that if the Eighth Circuit Court of Appeals had before it the question of whether Rule 9006(a) should be applied to 11 U.S.C. § 546(a), it would first determine whether § 546(a) was jurisdictional or, alternatively, simply a statute of limitations. If it determined the statute was not jurisdictional, the counting would start per Rule 9006(a) on the day following the date the petition was filed, and end on the anniversary date of the petition filing.

Congress seems to have been more helpful with regard to whether § 546(a) is jurisdictional than it was with regard to other statutory provisions which have been interpreted by the courts. Section 546(a) was amended in 1994 by Public Law 103-394, the Bankruptcy Reform Act of 1994. In the section-by-section analysis in the legislative history, Section 216, the applicable amendment to the limitation of avoiding powers, the House Report discussing the amendment states:

> This section clarifies section 546(a)(1) of the Bankruptcy Code which imposes a 2-year statute of limitations within which an appointed trustee must bring an avoidance action. The purpose of a statute of limitations is to define the period of time that a party is at risk of suit. This section defines the applicable statute of limitations as 2 years from the entry of an order of relief or 1 year after the appointment of the first trustee if such appointment occurs before the expiration of the original 2-year period. **The section is not intended to affect the validity of any tolling agreement or to have any bearing on the equitable tolling doctrine where there has been fraud determined to have occurred. The time limits are not intended to be jurisdictional and can be extended by stipulation between the necessary parties to the action or proceeding.** (Emphasis added.)

      Based upon the statutory interpretation procedure identified as appropriate by the Eighth Circuit Court of Appeals, and based upon the expressed Congressional intent that 11 U.S.C. § 546(a)(1) is not jurisdictional, Rule 9006(a) is properly applied in the computation of time that the Trustee must abide by when bringing an avoidance action. In this case, Rule 9006(a) would permit the Trustee to begin the count on the day following the petition date and end the count on the anniversary date of the petition filing. Following that counting procedure, the Trustee's filing of the complaint on September 13, 2006, is timely. Therefore, the motion to dismiss is denied. A separate order will be entered.

      DATED:      January 26, 2007

                                            BY THE COURT:

                                            /s/ Timothy J. Mahoney
                                            Chief Judge

Notice given by the Court to:
    Alan Pedersen
    *Elizabeth Callaghan
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.