IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| JOHN P. RAYNOR, | ) | |
| | ) | CASE NO. BK04-83112 |
| Debtor(s). | ) | A06-8105-TJM |
| RICHARD D. MYERS, Chapter 7 Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | CH. 7 |
| | ) | |
| vs. | ) | |
| | ) | |
| MAUREEN RAYNOR, | ) | |
| | ) | |
| Defendant. | ) | |

<u>ORDER</u>

This matter is before the court on the defendant's motion for partial summary judgment (Fil. #54) and resistance by the plaintiff (Fil. #57). Alan E. Pedersen represents the plaintiff, and Elizabeth M. Callaghan represents the defendant. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is denied.

The Chapter 7 trustee filed this adversary proceeding against the debtor's wife, alleging that the debtor transferred marketable securities and cash to or for the benefit of Mrs. Raynor, and that such transfers were fraudulent, preferential, and recoverable by the bankruptcy trustee. Certain of the allegations pertain to the debtor's 1992 transfer of the marital residence from joint ownership to Mrs. Raynor as sole owner and the trustee's contention that Mr. Raynor continues to pay the bulk of the expenses for the residence, such as the mortgage, taxes, insurance, improvements, repairs and maintenance. Other allegations concern shares of stock received by either or both parties and transferred to Mrs. Raynor.

Mrs. Raynor seeks partial summary judgment on some of the counts in the complaint, including the allegations that Mr. Raynor's payment of expenses of the residence are avoidable. She takes the position that such payments are excluded from avoidance under 11 U.S.C. § 547(c)(7) as bona fide payments of a domestic support obligation, or under § 547(c)(2) as payments in the ordinary course of the debtor's financial affairs. She also argues that post-petition payments regarding the house were made from post-petition personal service income. In addition, she asserts that the stock she acquired pre- and post-petition is not property of Mr. Raynor's bankruptcy estate and is not subject to avoidance.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Aviation Charter, Inc. v. Aviation Research Group/US, 416 F.3d 864, 868 (8th Cir.2005); Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.), 371 F.3d 397, 401 (8th Cir.2004); Williams v. Marlar (In re Marlar), 267 F.3d 749, 755 (8th Cir. 2001).

Upon a motion for summary judgment, the initial burden of proof is allocated to the movant in the form of demonstrating an absence of evidence to support, here, the plaintiff's case. Celotex, 477 U.S. 317, 325. Once met, the burden then shifts to the non-moving party to prove the existence of specific facts showing a genuine issue for trial. Id. at 324. "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

The following facts are uncontroverted:

1. Mr. Raynor filed a Chapter 11 bankruptcy petition in this court on September 13, 2004.

2. The case was converted, on the debtor's motion, to one under Chapter 7 on June 2, 2005.

3. The defendant is the debtor's wife and is not a co-debtor in this bankruptcy case.

4. Mr. and Mrs. Raynor live together in a house with a street address of 614 N. 159th Street, Omaha, Nebraska 68118 ("the Raynor Residence").

5. The Raynor Residence was constructed commencing in the fall of 1991 and was acquired at a total cost of approximately $450,000.00. The purchase price was financed by cash from Mr. and Mrs. Raynor and by a loan secured by a mortgage or deed of trust on the residence ("the Mortgage Loan").

6. The loan documents executed for the Mortgage Loan required both Raynors to be liable for the indebtedness.

7. The Raynor Residence was initially titled jointly in Mr. and Mrs. Raynor's names, but in March 1992 the Raynor Residence was transferred by a quit claim deed conveying title solely to Mrs. Raynor. Since the filing of the quit claim deed, the home has been titled solely in Mrs. Raynor's name.

8. Mr. Raynor's income was utilized to pay most, if not all, of the amounts required for

        real estate taxes, insurance, repairs, maintenance and improvements made related to the Raynor Residence since March 1994.

9. The Raynors held a joint account with RBC Dain Rauscher ("Dain Rauscher") for marketable securities held in street name by Dain Rauscher for the benefit of the Raynors as joint tenants ("the Joint Stock Account"). On September 22, 2002, the Joint Stock Account was transferred from joint ownership by both Raynors to an account at Dain Rauscher held solely by Mrs. Raynor. The securities held in the Joint Stock Account at the time of the September 22, 2002, transfer were all given to Mr. and Mrs. Raynor by Mr. Raynor's father, William J. Raynor.

10. Over several years, the Raynors received numerous shares of marketable securities given to them by Mrs. Raynor's father and/or mother, William & Jean O'Connor ("the O'Connor Stocks").

11. The O'Connor Stocks received by Mr. and Mrs. Raynor prior to early 2004 were held in certificate form in the name of Mr. and Mrs. Raynor in a safety deposit box. In early 2004, Mrs. Raynor utilized an irrevocable stock power document signed by Mr. Raynor in blank and transferred all O'Connor Stock received to date into the Dain Rauscher account held solely by Mrs. Raynor.

12. Some of the O'Connor Stocks were transferred electronically directly into Mrs. Raynor's Dain Rauscher account.

13. Mrs. Raynor is an insider of Mr. Raynor pursuant to 11 U.S.C. § 101(31)(A)(i).

14. Mrs. Raynor was on notice of Mr. Raynor's bankruptcy petition at the time of said transfers to her or for her benefit.

Each element of the summary judgment motions will be discussed below.

I.    Mr. Raynor's payment of the residence expenses

    A.    § 547(c)(7)

Mrs. Raynor characterizes the payments of expenses related to the house as maintenance or support payments which are excepted from the trustee's preference avoidance powers.[1]

---

[1] The version of § 547 in effect at the time this bankruptcy case was filed contained the following language:

    § 547. Preferences
       . . . .

(continued...)

There is no evidence here of a divorce decree, separation agreement, property settlement agreement or court order by which Mr. Raynor is obligated to pay those expenses, so the residence expenses do not meet the definition of a debt for alimony, maintenance, or support, and § 547(c)(7) is inapplicable.

B.     § 547(c)(2)

The Bankruptcy Code protects transfers made by a debtor in the ordinary course of his business or financial affairs from avoidance by the trustee. However, Mrs. Raynor did not elaborate on her position regarding this argument, so her motion will be denied as to this point.

C.     Post-petition income

Mrs. Raynor argues that the post-petition residential expenses were paid with Mr. Raynor's post-petition earnings, which are not property of the bankruptcy estate and should not therefore be avoidable by the trustee. She provided affidavits of herself and Mr. Raynor as evidence in support of her argument.

The trustee responds that he is unable to ascertain, without further discovery, the source of funds used for such payments, and that the Raynors' conclusory statements regarding post-petition income are insufficient to support summary judgment.

The trustee is correct that the evidence before the court is not adequate to demonstrate the absence of a factual dispute on this issue. Summary judgment will be denied on this portion of the motion.

II.    Post-petition stock transfers

Mrs. Raynor asserts that post-petition transfers of stocks were transfers from her parents to her, conducted via electronic transfer from their brokerage account to her solely owned brokerage account. She asserts that Mr. Raynor had no ownership interest in those stocks and they cannot be taken by the trustee. She also argues that even if the transfers were made to her and Mr. Raynor jointly, they are not property of the bankruptcy estate because they were gifts.

To the extent stocks were transferred solely to Mrs. Raynor post-petition as gifts from third parties, the trustee concedes those transactions are not subject to avoidance. However, the trustee

---

[1](...continued)
      (c) The trustee may not avoid under this section a transfer —
    . . . .
      (7) to the extent such transfer was a bona fide payment of a debt to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement[.]

contends the evidence provided thus far is insufficient to permit him to determine where the stocks came from and whether any interest was transferred to or vested in Mr. Raynor.

The only way post-petition stocks could be property of the bankruptcy estate is if Mr. Raynor inherited them within 180 days after the petition date. There is no evidence regarding whether any of the stocks came to Mr. Raynor via bequest, devise, or inheritance within the applicable time frame of § 541(a)(5), so a fact question does exist in this regard.

IT IS ORDERED: The defendant's motion for partial summary judgment (Fil. #54) is denied.

DATED:    June 17, 2008

                                    BY THE COURT:

                                    Timothy J. Mahoney
                                    Chief Judge

Notice given by the Court to:
    *Elizabeth M. Callaghan
    Alan E. Pedersen
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.