IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF:                              )
                                               )
JOHN P. RAYNOR,                                )
                                               )        CASE NO. BK04-83112
                          Debtor(s).           )        A06-8105-TJM
RICHARD D. MYERS, Chapter 7 Trustee,           )
                                               )
                          Plaintiff,           )        CH. 7
                                               )
        vs.                                    )
                                               )
MAUREEN RAYNOR,                                )
                                               )
                          Defendant.           )

<u>ORDER</u>

This matter is before the court on the defendant's motion for partial summary judgment (in re marketable securities) (Fil. #68), and resistance by the plaintiff (Fil. #80). Alan E. Pedersen represents the plaintiff, and Elizabeth M. Callaghan represents the defendant. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is denied.

The Chapter 7 trustee filed this adversary proceeding against the debtor's wife, alleging in pertinent part that certain shares of stock received by either Mr. or Mrs. Raynor, or both, were transferred to Mrs. Raynor, and that such transfers were fraudulent, preferential, and recoverable by the bankruptcy trustee.

Mrs. Raynor has now filed a motion for partial summary judgment with regard to certain pre-petition stock transfers, relying on this court's decision in <u>Downey Land Ltd. v. John P. Raynor (In re Raynor)</u>, Adv. Proc. No. A05-8034 (Apr. 30, 2008). Downey Land Ltd., a creditor of the John Raynor bankruptcy estate, filed that adversary proceeding to have a pre-petition California court judgment excepted from discharge. The allegations dealt with representations made by Mr. Raynor concerning his financial situation when he guaranteed a commercial lease. Mr. Raynor provided a joint financial statement to Downey's representative; the representative assumed, without asking, that each spouse had an interest in each asset. After a trial on the matter, a memorandum opinion was filed finding that certain assets on the joint financial statement, including $445,000 in stock shares held in the Raynor's joint Dain Rauscher account and in Mrs. Raynor's safe deposit box, were owned solely by Mrs. Raynor. She wants to use this finding as a defense against the trustee's allegations in the present case.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving

party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Aviation Charter, Inc. v. Aviation Research Group/US, 416 F.3d 864, 868 (8th Cir.2005); Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.), 371 F.3d 397, 401 (8th Cir.2004); Williams v. Marlar (In re Marlar), 267 F.3d 749, 755 (8th Cir. 2001).

Upon a motion for summary judgment, the initial burden of proof is allocated to the movant in the form of demonstrating an absence of evidence to support, here, the plaintiff's case. Celotex, 477 U.S. 317, 325. Once met, the burden then shifts to the non-moving party to prove the existence of specific facts showing a genuine issue for trial. Id. at 324. "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

The following facts are uncontroverted:

1.    Mr. Raynor filed a Chapter 11 bankruptcy petition in this court on September 13, 2004.

2.    The case was converted, on the debtor's motion, to one under Chapter 7 on June 2, 2005.

3.    The defendant is the debtor's wife and is not a co-debtor in this bankruptcy case.

4.    The Raynors held a joint account with RBC Dain Rauscher ("Dain Rauscher") for marketable securities held in street name by Dain Rauscher for the benefit of the Raynors as joint tenants ("the Joint Stock Account"). On September 22, 2002, the Joint Stock Account was transferred from joint ownership by both Raynors to an account at Dain Rauscher held solely by Mrs. Raynor. The securities held in the Joint Stock Account at the time of the September 22, 2002, transfer were all given to Mr. and Mrs. Raynor by Mr. Raynor's father, William J. Raynor.

5.    Over several years, the Raynors received numerous shares of marketable securities given to them by Mrs. Raynor's father and/or mother, William & Jean O'Connor ("the O'Connor Stocks").

6.    The O'Connor Stocks received by Mr. and Mrs. Raynor prior to early 2004 were held in certificate form in the name of Mr. and Mrs. Raynor in a safety deposit box. In early 2004, Mrs. Raynor utilized an irrevocable stock power document signed by Mr. Raynor in blank and transferred all O'Connor Stock received to date into the Dain Rauscher account held solely by Mrs. Raynor.

7.    Some of the O'Connor Stocks were transferred electronically directly into Mrs. Raynor's Dain Rauscher account.

8.    Mrs. Raynor is an insider of Mr. Raynor pursuant to 11 U.S.C. § 101(31)(A)(i).

9.    Mrs. Raynor was on notice of Mr. Raynor's bankruptcy petition at the time of said transfers to her or for her benefit.


Collateral estoppel, or issue preclusion, is the legal doctrine that bars the relitigation of factual or legal issues determined in a prior court action. Fischer v. Scarborough (In re Scarborough), 171 F.3d 638, 641 (8th Cir. 1999). The elements of collateral estoppel under federal law are: 1) the party sought to be precluded in the second suit must have been a party, or in privity with a party, to the original lawsuit; 2) the issue sought to be precluded must be the same as that involved in the prior action; 3) the issue must have been litigated in the prior action; 4) the issue must have been determined by a valid and final judgment; and 5) the determination must have been essential to the prior judgment. Killips v. Schropp (In re Prime Realty, Inc.), 380 B.R. 529, 538 (B.A.P. 8th Cir. 2007) (citing Sells v. Porter (In re Porter), 375 B.R. 822, 826-827 (B.A.P. 8th Cir. 2007)).

In the Downey Land case, neither the trustee nor Mrs. Raynor were parties and the ownership of the stocks was not litigated. The trustee represents all of the creditors in the case and is attempting here to carry out his duty to collect and reduce to money the property of the estate, and equitably distribute the proceeds to creditors. Stalnaker v. DLC, Ltd. (In re DLC, Ltd.), 295 B.R. 593, 602 (B.A.P. 8th Cir. 2003); Williams v. Marlar (In re Marlar), 252 B.R. 743, 756-58 (B.A.P. 8th Cir. 2000). Bankruptcy trustees are not authorized to seek a determination as to the dischargeability of a particular debt. Fed. R. Bankr. P. 4007(a); § 727(c)(1). Therefore, the trustee and Downey would not have had similar objectives or interests with respect to the litigation filed by Downey.

Moreover, the issue in the Downey Land case was non-dischargeability under § 523(a)(2). The matter of the stock ownership was visited in the context of whether a financial statement provided by Mr. Raynor to a creditor was materially false and made with the intent to deceive. The elements of those allegations are separate and distinct from the issue of whether the transfers alleged by the trustee in this case are fraudulent and avoidable. As part of his defense, Mr. Raynor claimed that certain stock assets were owned solely by Mrs. Raynor, and the creditor did not attempt to disprove that assertion. The merits of the ownership claims were not examined and therefore cannot be used as a bar against the trustee in this case.

For these reasons, Mrs. Raynor's motion is denied.

IT IS ORDERED: The defendant's motion for partial summary judgment (in re marketable securities) (Fil. #68) is denied.

DATED:        June 17, 2008


BY THE COURT:

Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
       *Elizabeth M. Callaghan
       Alan E. Pedersen
       U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.