IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | CASE NO. BK04-83112-TJM |
| ) | A06-8105-TJM |
| JOHN P. RAYNOR, ) | |
| ) | CH. 7 |
| Debtor(s). ) | |
| ) | |
| RICHARD D. MYERS, Trustee in the ) | |
| John P. Raynor Chapter 7 Bankruptcy ) | |
| Estate, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MAUREEN RAYNOR, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| JOHN P. RAYNOR, ) | |
| ) | |
| Intervenor. ) | |

## ORDER

Hearing was held in Omaha, Nebraska, on August 11, 2008, regarding Filing No. 107, Motion to Strike, filed by John Patrick Raynor, and Filing No. 117, Resistance, filed by Richard D. Myers. Alan Pedersen appeared for the plaintiff, Elizabeth Callaghan appeared for Maureen Raynor, and John Raynor appeared pro se.

This adversary proceeding was filed by the Chapter 7 trustee against Maureen Raynor, the spouse of the debtor John P. Raynor. Mrs. Raynor is not a party to the bankruptcy case.

The complaint alleges that certain transfers of marketable securities from John P. Raynor to Maureen Raynor, both pre- and post-petition, are avoidable as fraudulent transfers or preferences. In addition, the complaint alleges that certain payments made on the note secured by a deed of trust on the residence of the parties, which is owned by Mrs. Raynor, are avoidable as fraudulent transfers, both pre- and post-petition.

After a motion to dismiss filed by Mrs. Raynor was denied and the denial was affirmed on appeal, Mrs. Raynor filed an answer in January of 2008.

On June 30, 2008, Mr. Raynor, at Filing No. 99, filed a motion to intervene and, at Filing No. 100, Mr. Raynor filed "Intervenor's Motion to Dismiss Certain Pleadings Premised Upon Rules 9(b) & 11", which has been interpreted by the court as a motion to strike pleadings. At Filing No. 120, entered on August 11, 2008, the motion to intervene was granted. The motion to strike was taken under advisement and the trustee was given until September 11, 2008, to respond.

The trustee has now responded and resists the motion to strike pleading.

The motion to strike is denied. The complaint is not directed at debtor/intervenor. No relief is requested with regard to the debtor/intervenor. The complaint concerns allegations that certain transfers to Mrs. Raynor are avoidable by the trustee. Mrs. Raynor filed an answer which puts the allegations of the complaint at issue and acts as a waiver of any concerns about the sufficiency of the pleadings with regard to the trustee's complaint against her. Mr. Raynor's motion to intervene was granted because the result of the litigation may have some effect upon his life, and he had a right to participate in an attempt to protect his interest. However, since none of the pleadings are directed at him or request affirmative relief against him, he has no standing to raise the question of insufficiency of the pleadings.

IT IS ORDERED that the Motion to Strike, Filing No. 107, is denied for the reasons set forth above.

DATED:    September 18, 2008

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    Richard D. Myers
    Elizabeth Callaghan
    *John P. Raynor
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.