IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | CASE NO. BK04-83112-TJM |
| ) | A06-8105-TJM |
| JOHN P. RAYNOR, ) | |
| ) | CH. 7 |
| Debtor(s). ) | |
| ) | |
| RICHARD D. MYERS, Trustee in the ) | |
| John P. Raynor Chapter 7 Bankruptcy ) | |
| Estate, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MAUREEN RAYNOR, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| JOHN P. RAYNOR, ) | |
| ) | |
| Intervenor. ) | |

ORDER

The defendant, Maureen Raynor, filed two motions for partial summary judgment, Filing #54 and Filing #68. Those motions were overruled by written opinions at Filing #83 and Filing #85 and orders at Filings #84 and #86. Alan Pedersen appeared for the plaintiff, Elizabeth Callaghan appeared for Maureen Raynor, and John Raynor appeared pro se.

The defendant, Mrs. Raynor, has filed a motion to reconsider the denial of the two motions for summary judgment, Filing #94. It requests, among other things, that the court find that the receipt by defendant Mrs. Raynor of shares of marketable securities as gifts from her parents or others, post-petition, are not property of the estate and are not subject to the trustee's avoidance powers. The trustee has now conceded, after having received information unavailable to him at the time the complaint was filed, that the post-petition receipt of marketable securities by Mrs. Raynor are not avoidable transfers, and the trustee agrees to dismiss that portion of the complaint. Therefore, that portion of the motion for reconsideration is moot.

The motion for reconsideration requests the court to find that the defendant has presented sufficient evidence on the issue of the payment of post-petition house expenses from post-petition income of the debtor and that the trustee has failed to meet his burden to present any evidence that the post-petition house expenses were paid from property of the estate and therefore could be avoidable. This portion of the motion for reconsideration is granted. The trustee, although suggesting that he is unable to determine the source of payments of post-petition house expenses, has not, in response to the evidence presented in support of the motion, provided any evidence, even though he has had time for discovery. That portion of the motion to reconsider is granted.

The motion for reconsideration also requests the court to find that the pre-petition payments of house expenses, made by the debtor, are family support or payments of a legal obligation of the debtor and therefore exempt from avoidance.

This portion of the motion is granted. The debtor, although not an owner of the house, is contractually obligated to make payments on the note or mortgage, whether such payments benefit his spouse or not. The payments were made since the purchase of the house in the early 1990s by John Raynor in the ordinary course of the debtor's business and the payments reduced the balance of his obligations, particularly the note and deed of trust and the taxes, which the debtor was obliged to pay by virtue of his contract with the holder of the deed of trust. The payments are not fraudulent transfers because the debtor received reasonably equivalent value, i.e., reduction of the obligations he owed.

## CONCLUSION

IT IS ORDERED: The defendant's motion to reconsider (Fil. #94) is granted to the extent stated above. The issues remaining for trial are the pre-petition transfers of debtor's interest in marketable securities which had been gifts to both debtor and Mrs. Raynor from the parents of both. A joint pretrial statement shall be filed by November 3, 2008.

DATED:     September 18, 2008

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    Richard D. Myers
    *Elizabeth Callaghan
    John P. Raynor
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.