IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | CASE NO. BK04-83112-TJM |
| ) | A06-8105-TJM |
| JOHN PATRICK RAYNOR, ) | |
| ) | |
| Debtor(s). ) | CH. 7 |
| RICHARD D. MYERS, Trustee of the ) | |
| John P. Raynor Chapter 7 Bankruptcy, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| MAUREEN RAYNOR, ) | |
| ) | |
| Defendant, ) | |
| and ) | |
| ) | |
| JOHN PATRICK RAYNOR, ) | |
| ) | |
| Intervenor. ) | |

ORDER

Hearing was held in Omaha, Nebraska, on October 14, 2008, regarding Filing No. 137, Motion to Withdraw, filed by John P. Raynor. John P. Raynor appeared pro se; Alan Pedersen appeared for Richard Myers, trustee; and Elizabeth Callaghan appeared for Maureen Raynor.

This case is about the potential avoidance by the Chapter 7 trustee of certain transfers of the debtor's interest in marketable securities to his spouse, including, but perhaps not limited to, his interest in both Class A and Class B shares of Berkshire Hathaway, Inc., stock. During the litigation, at a time when defendant desired to proceed with an appeal of an interlocutory order of this court, the parties stipulated, at Filing No. 28, that an order could be entered which basically locked up all of defendant's securities until completion of the litigation. That order was entered at Filing No. 29. Recently, that order has been modified to free up some portion of the defendant's securities for liquidation or other use by defendant.

However, the above-referenced modification still leaves a significant portion of defendant's securities and the proceeds thereof unavailable to her. Therefore, both the debtor and his spouse have requested, at Filing No. 137 and Filing 151, that the original order, Filing No. 29, be vacated, and that the defendant be free to deal with her property as she sees fit pending the possibility of a final judgment being entered in favor of the trustee. The movants basically assert that the order, Filing No. 29, is the equivalent of a pre-judgment attachment and that there is no basis in law for such an attachment. The trustee, on the other hand, argues that the defendant agreed to this procedure and received consideration therefor in the form of acquiescence by the trustee in the defendant's request to be able to take an interlocutory appeal.

Even though the defendant did agree to this procedure, the most the trustee will be able to gain if the transfers are avoided is the value of the debtor's interest in shares of stock which were gifted in both the name of the debtor and the name of his spouse. For purposes of this motion and

this order, I deem the debtor's interest to be no more than one-half of the value of the shares. Therefore, the other half should be freed from restrictions of the order at Filing No. 29.

IT IS ORDERED that, by November 3, 2008, the parties prepare and submit a proposed order, which neither party is required to agree to the substance of, which specifically identifies those shares which are subject to the avoidance action. Such order should make it clear that the defendant is free to liquidate such shares and take distribution of her one-half interest not in dispute, or invest her one-half interest in other securities or deal with her one-half interest in any manner she deems appropriate. The order should also make clear that the proceeds of the other one-half interest in any liquidated shares subject to this order shall remain in the account and shall not be distributed to any party without further order of the court.

DATED:    October 27, 2008

BY THE COURT:

/s/ Timothy J. Mahoney
Bankruptcy Judge

Notice given by the Court to:
    *John P. Raynor
    Elizabeth Callaghan
    Alan Pedersen
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.