IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | CASE NO. BK04-83112-TJM |
| ) | A06-8105-TJM |
| JOHN PATRICK RAYNOR, ) | |
| ) | |
| Debtor(s). ) | CH. 7 |
| RICHARD D. MYERS, Trustee of the ) | |
| John P. Raynor Chapter 7 Bankruptcy, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| MAUREEN RAYNOR, ) | |
| ) | |
| Defendant, ) | |
| and ) | |
| ) | |
| JOHN PATRICK RAYNOR, ) | |
| ) | |
| Intervenor. ) | |

ORDER

  Hearing was held in Omaha, Nebraska, on October 14, 2008, regarding Filing No. 147, Motion to Dismiss Adversary Proceeding, filed by John Patrick Raynor. John P. Raynor appeared pro se; Alan Pedersen appeared for Richard Myers, Trustee; and Elizabeth Callaghan appeared for Maureen Raynor.

  Debtor/intervenor has filed a motion to dismiss this adversary proceeding because, he alleges, it was filed after the statute of limitations had expired. For the reasons stated below, the motion to dismiss will be denied.

  The debtor's voluntary petition under Chapter 11 was filed on September 13, 2004. Eventually, the debtor voluntarily converted this case to Chapter 7. On September 13, 2006, the Chapter 7 trustee filed this adversary proceeding in an attempt to avoid certain transfers made by the debtor to debtor's spouse.

  The debtor's spouse, as the original defendant in this adversary proceeding, previously filed a motion to dismiss based on the same allegations that the adversary proceeding was filed after the expiration of the statute of limitations. This court, using the time computation provisions of Federal Rule of Bankruptcy Procedure 9006(a), determined that the adversary proceeding was timely filed. That ruling was appealed to the district court, which affirmed.

  This motion to dismiss filed by the debtor/intervenor asserts that there is no legitimate reason to resort to an analysis of Rule 9006(a) because the statute itself, 11 U.S.C. § 546(a), is clear and binding upon the court. Debtor/intervenor cites numerous cases which deal with other statutory provisions concerning the measurement of time. He also cites a few cases, including two

from courts in the Eighth Circuit, that interpret the time requirements for filing an adversary proceeding under § 547 or § 548 of the Bankruptcy Code. Those cases will be discussed shortly.

The statutory provision in question is 11 U.S.C. § 546(a)(1). It reads:

>   (a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of –
>       (1) the later of –
>           (A) 2 years after the entry of the order for relief . . . .

The debtor/intervenor interprets the two-year period to begin on the petition date and end one day prior to the anniversary of the petition date, two years later. In other words, because the petition date was September 13, 2004, his calculation is that the last day to file such an adversary proceeding was September 12, 2006. In support of that position, he cites Krigel v. Noble (In re American Energy Trading, Inc.), 291 B.R. 159 (Bankr. W.D. Mo. 2003). In that case, the order for relief was entered on September 8, 1999. The trustee filed the adversary proceeding on July 12, 2002, much more than two years after the entry of the order for relief. In its discussion, the bankruptcy court found that the statute of limitations expired on September 7, 2001, which is certainly one way to interpret the statute. However, neither case from Eighth Circuit courts that were relied upon in the discussion found that the last day for filing such an adversary proceeding is the day prior to the two-year anniversary date of the order for relief. One case, Bergquist v. Vista Development, Inc. (In re Quality Pontiac Buick GMC Truck, Inc.), 222 B.R. 865 (Bankr. D. Minn. 1998), found that the order for relief was entered on June 28, 1995, and that June 28, 1997, "was the date '2 years after the entry of the order for relief' for the application of § 546(a)(1)(A) . . . . " 222 B.R. at 868. The other case, Lee v. Nat'l Home Centers, Inc. (In re Bodenstein), 253 B.R. 46 (B.A.P. 8th Cir. 2000), found that the order for relief was entered on November 21, 1996, and the time to initiate an avoidance action pursuant to § 546 expired on November 21, 1998.

A more recent case, Callahan v. Moore (In re Gen'l Creations, Inc.), 343 B.R. 548 (Bankr. W.D. Va. 2006), not only cites the time computation procedures in Rule 9006(a) of the Federal Rules of Bankruptcy Procedure, but cites authority discussed in Am.Jur.2d as follows:

>   In the context of the measurement of a period of time preceding or following a specific event or date, the term "year" or "calendar year" means a period of 12 months commencing at a fixed or designated month and terminating with the day of the corresponding month in the next succeeding year thereafter, rather than a period commencing January 1 and terminating December 31.
>
>   Under the Uniform Statute and Rule Construction Act, in computing a period of years prescribed or allowed by a statute or rule for taking or withholding action before, during, or after the period, the period ends on the day of the concluding month of the concluding year which is numbered the same as the day of the month of the year on which an event determinative of the computation occurred, unless the concluding month has no such day, in which case the period ends on the last day of the concluding month of the concluding year.
>
>   To settle any question as to the effect of a leap year in computing a period measured by years or fraction of a year, statutes sometimes provide that the added day of a leap year and the day immediately preceding shall be counted as one day.

343 B.R. at 551 (quoting 74 Am.Jur.2d Time § 7 (2004), which cites the Unif. Stat. and Rule Constr. Act § 7, 14 U.L.A. 57 (1995)).

That court found that the order for relief was entered July 22, 2003, and the statute of limitations expired at midnight on July 22, 2005.

The court declines to reconsider its earlier decision that the filing of the complaint was timely.

THEREFORE, IT IS ORDERED that the motion to dismiss, Filing No. 147, is denied.

DATED:    October 27, 2008

BY THE COURT:

/s/ Timothy J. Mahoney
Bankruptcy Judge

Notice given by the Court to:
  *John P. Raynor
  Elizabeth Callaghan
  Alan Pedersen
  U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.